UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN LUIS SANCHEZ-PEREZ,<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,<br>Respondent. | Case No. 1:26-cv-7796-DC-JDP<br><br>FINDINGS AND RECOMMENDATIONS |

On January 4, 2022, U.S. Border Patrol officers at the southern border encountered petitioner and released him into the United States on supervision. ICE re-detained petitioner on August 26, 2026, after he reported to the ICE office as part of his conditions of release. ICE has held him in custody since that date without a bond hearing. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241, claiming that his re-detention without a bond hearing violates due process. For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

**Background**

Immigration authorities encountered petitioner on January 4, 2022, at the Del Rio International Bridge in Texas. ECF No. 7 at 11. They released petitioner into the United States on an order of release on recognizance. ECF No. 1 at 1, 3, 10. Petitioner complied with that release and his later reporting requirements. *Id.* at 3. Petitioner applied for asylum in July 2022,

and that application remains pending. *Id.* at 3, 10. Petitioner received employment authorization from the Department of Homeland Security ("DHS") and has worked in the United States as an electrician pursuant to that authorization. *Id.* at 4, 12. Petitioner has paid taxes since 2023 and holds a valid driver's license. *Id.* at 4, 11-12. Petitioner is married and has lived at a steady residence in Charlotte, North Carolina since 2023. ECF No. 1 at 4. Petitioner appeared in immigration court in April 2026 as ordered, and—at the time of his re-detention—his next merits hearing was scheduled for 2028. *Id.*

On August 26, 2026, petitioner appeared at the ICE office for a routine annual check-in and was taken into custody. ECF No. 1 at 4, 11; ECF No. 7 at 11. ICE did this pursuant to a "case review" but identifies no reason for his re-detention. *See* ECF No. 7 at 11. ICE gave petitioner neither any notice of the basis of re-detention nor a pre-deprivation hearing. *See* ECF No. 1 at 4, 11. Petitioner has remained in custody since that time without a bond hearing. *Id.* The re-detention was not pursuant to a warrant, as required by 8 U.S.C. § 1226(a). *See id.* Petitioner has no criminal history. ECF No. 1 at 4, 10; ECF No. 7 at 11.

## Legal Standard

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## Analysis

Petitioner argues that his re-detention without an opportunity for release violates the Due

Process Clause.[1] ECF No. 1 at 6. He further alleges that he has been detained by ICE under section 1225(b)(2)(A). *See* ECF No. 1 at 5-8. Respondent argues, without any documentary support, that petitioner has been detained under 8 U.S.C. § 1226(a), and that petitioner should request a bond hearing in immigration court. ECF No. 7 at 1-2.

The evidence before the court shows that petitioner was re-detained by ICE under section 1225(b)(2)(A), not section 1226(a), and therefore that he has not received any opportunity to obtain his release. The notice to appear charges petitioner with being subject to removal from the United States for being an "alien present in the United States who has not been admitted or paroled." ECF No. 7 at 6. The government has repeatedly asserted that such noncitizens are "subject to mandatory detention without bond under § 1225(b)(2)(A)." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1164 (9th Cir. 2026).[2]

Consistent with a section 1225(b)(2)(A) re-detention, there is no evidentiary support in the record for respondent's claim that petitioner was detained under section 1226(a). Respondent has not provided a warrant for petitioner's arrest, which is required for arrests under section 1226(a). *See* ECF No. 7. Respondent's exhibits do not demonstrate any compliance with 8 C.F.R. § 287.3, as required for warrantless section 1226(a) arrests. *Id.* Further, ICE made no initial custody determination. *See Zurita Navarro v. Warden, Central Valley Annex Det. Facility*, No. 1:26-cv-5661-DAD-SCR, 2026 WL 2294963, at *3 (E.D. Cal. Aug. 10, 2026) (holding that failure to provide an initial custody determination either prior to or contemporaneously with detention, as required by § 1226(a), mandates the petitioner's release).

The record demonstrates that respondent's section 1226(a) argument is a *post hoc* rationalization, which this court, as well as many others, have not accepted. *See Betancourt Ulloa v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-3360-DAD-CKD, 2026 WL 2389805 (E.D. Cal. Aug. 17, 2026) (collecting cases rejecting *post hoc* rationalizations for immigration detention

[1] Petitioner's pro se filing is entitled to liberal construction. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Charan S. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-3017-TLN-JDP, 2026 WL 1144158, at *1 n.1 (E.D. Cal. Apr. 28, 2026) (applying liberal construction to pro se immigration habeas filing).

[2] Because the mandate has yet to issue, the court takes advisory notice of this ruling. *See* Fed. R. App. Pro. 41.

authority); *see also Zuniga Cruz v. Noem*, No. 1:26-cv-01818-DC-EFB, 2026 WL 890471, at *2-3 (E.D. Cal. Apr. 1, 2026) (discussing different procedures for § 1225 and § 1226 detentions); *Martinez-Aguiana v. Mullin*, No. 3:26-cv-0561-RFB-CSD, 2026 WL 2212521, at *2 (D. Nev. July 31, 2026) (noting concession by immigration authorities that they do not follow section 1226 procedures for noncitizens arrested in the interior of the United States under section 1225(b)).

Rather, respondent's argument indicates that it recognizes that the proper detention authority should have been 8 U.S.C. § 1226(a). *See Rodriguez Vazquez*, 183 F.4th at 1165. Respondent's months-long detention of petitioner under the wrong statutory authority cannot be remedied by a section 1226(a) bond hearing. *See Cortes Cortes v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-6609-DC-JDP, 2026 WL 2494984, at * 3 (E.D. Cal. Aug. 25, 2026); *Morillo v. Albarran*, No. 1:25-cv-1533-DJC-AC, 2025 WL 3190899, at *5 (E.D. Cal. Nov. 15, 2025). In *Feng v. Lyons*, the court held that a delay "in providing the statutorily mandated bond hearing violates [a petitioner's] due process rights" and found that the "[p]rovision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right." No. 1:26-cv-0235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (citations omitted).

Moreover, respondent attempts to pivot the inquiry away from petitioner's claim that ICE re-detained him in violation of his right to procedural due process. *See* ECF No. 1 at 6. The court, however, will consider petitioner's due process claim. The court will consider that claim first by determining whether there exists a protected liberty interest under the Due Process Clause, and, second, by evaluating what procedures are necessary to ensure that any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). I consider each in turn.

Courts in this Circuit have repeatedly found that noncitizens released from immigration custody acquire a liberty interest in their continued release. *See, e.g.*, *Labrador-Prato v. Noem*, 818 F. Supp. 3d 1113, 1120 (E.D. Cal. Dec. 2, 2025); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). Petitioner is no different. Petitioner came to the United States in January 2022 and was encountered by DHS at or near the port of entry. ECF No. 7 at 11. DHS released

petitioner into the United States on an order of release on his own recognizance and a notice to appear in immigration court. *Id.*; ECF No. 1 at 3. Petitioner's initial release and over four years out of custody in the United States have created a substantial constitutionally protected liberty interest in continued release. *See Guillermo M. R. v. Kaiser*, No. 25-cv-5436-RFL, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is *inherent* in the Due Process Clause"); *Ortega v. Kaiser*, No. 25-cv-5259-JST, 2025 WL 1771438, at *3 (N.D. Cal. June 26, 2025) (collecting cases finding released noncitizens to have strong liberty interests); *see also Capote v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-3168-JLT-EPG, 2026 WL 1415306, *2 (E.D. Cal. May 20, 2026) (granting writ of habeas corpus where petitioner had been previously paroled into the United States pursuant to the Cuban Humanitarian Parole program).

Accordingly, I must next determine what procedural protections the government should have afforded petitioner before depriving him of that liberty interest. This requires balancing the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *See Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017) (applying *Mathews* factors in immigration detention context).

The *Mathews* test requires courts to consider:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

First, petitioner has a significant private interest in his continued release. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. Petitioner acquired a private interest in continued release during years of release on his own recognizance in the United States. *See Noori v. LaRose*, No. 25-cv-1824-GPC-MSB, 2025 WL

2800149, at *10 (S.D. Cal. Oct. 1, 2025) ("Petitioner has a private interest in remaining free, which developed over the year he resided in the United States.").

Second, the risk of erroneous deprivation without a bond hearing is high. ICE supervised petitioner for years prior to re-detaining him in August 2026. Absent a pre-deprivation bond hearing in front of a neutral arbiter, the risk of erroneous deprivation is high given the possibility that petitioner's re-detention will not be pursuant to a valid state interest. *See Omer G.G. v. Kaiser*, No. 1:25-cv-1471-KES-SAB, 2025 WL 3254999, at *7 (E.D. Cal. Nov. 22, 2025) ("Civil immigration detention, which is 'nonpunitive in purpose and effect[,]' is justified when a noncitizen presents a risk of flight or danger to the community.") (quoting *Zadvydas*, 533 U.S. at 690).

"Where, as here, '[the petitioner] has not received any bond or custody . . . hearing,' 'the risk of an erroneous deprivation [of liberty] is high' because neither the government nor [the petitioner] has had an opportunity to determine whether there is any valid basis for her detention." *Pinchi*, 792 F. Supp. 3d at 1035 (quoting *Singh v. Andrews*, No. 1:25-cv-0801, 2025 WL 1918679, at *7 (E.D. Cal. July 11, 2025)). Respondent offers no evidence or argument indicating that any procedural safeguards have been employed following petitioner's re-detention; more generally, it gives the court no reason to believe that any efforts have been made to prevent erroneous deprivation of petitioner's liberty. *See id*. Accordingly, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *See A.E. v. Andrews*, No. 1:25-cv-0107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025), *report and recommendation adopted*, 2025 WL 1808676 (E.D. Cal. July 1, 2025).

"Third, the Government's interest in detaining Petitioner without . . . a hearing is 'low.'" *Salazar v. Casey*, No. 25-cv-2784-JLS, 2025 WL 3063629, at *5 (S.D. Cal. Nov. 3, 2025) (citation omitted). Indeed, respondent has provided no information about the additional burden that would fall on the government as a result of being required to provide a bond hearing and suggests that petitioner need only request a bond hearing in immigration court. *See* ECF No. 7 at 2. "In immigration court, custody hearings are routine and impose a 'minimal' cost." *Carballo v. Andrews*, No. 1:25-cv-0978-KES-EPG, 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025)

(quoting *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025)).

Accordingly, a consideration of the *Mathews* factors demonstrates that petitioner's re-detention without a pre-deprivation hearing violates his due process rights. Given this finding, I must determine the appropriate remedy. Petitioner seeks immediate release. ECF No. 1 at 8. Respondent claims that petitioner is lawfully detained and does not address petitioner's request for immediate release. *See* ECF No. 7.

The Supreme Court has recognized that "[h]abeas is at its core a remedy for unlawful executive detention," and the "typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention."). To satisfy due process, "the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original). Petitioner was supervised by ICE until August 26, 2026, when he was re-detained at a scheduled check-in at the ICE office. ECF No. 1 at 4. No justification was offered for his re-detention. Respondent does not contest that petitioner was in full compliance with all of his conditions of supervision. *See* ECF No. 7. ICE told petitioner to come to its office for a check-in and re-detained him at the scheduled appointment, suggesting that it possessed adequate time and opportunity to provide pre-deprivation process. ECF No. 1 at 4. Petitioner has no criminal history. ECF No. 7 at 11. Moreover, respondent does not argue that petitioner is a danger or a flight risk. *See* ECF No. 7.

Under these circumstances, I find that the "typical remedy" of release, *see Munaf*, 553 U.S. at 693, is appropriate because the government has not provided a lawful justification for re-detaining petitioner without a pre-deprivation hearing. Where a petitioner is entitled to a pre-deprivation hearing, courts have found that "[t]he appropriate relief . . . is their immediate release from custody, and to be provided with relief returning them to status quo ante, i.e., the last uncontested status which preceded the pending controversy." *Cardin Alvarez v. Rivas*, No. 25-cv-2943-PHX-GMS, 2025 WL 2898389, at *21 (D. Ariz. Oct. 7, 2025), *report and recommendation adopted in part, rejected in part on other grounds*, 2025 WL 2899092 (D. Ariz.

Oct. 10, 2025). Petitioner's due process rights have been violated such that the appropriate relief is immediate release from custody, thereby returning him to the "status quo ante." *See id.*

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondent be ordered to immediately release petitioner (A-Number: 220-661-048) from its custody on the same conditions as his prior release. Respondent shall not impose any additional restrictions on petitioner, unless that is determined to be necessary at a future pre-deprivation hearing. If the government seeks to re-detain petitioner, it must provide no less than seven days' notice to petitioner and must hold a constitutionally compliant pre-deprivation bond hearing before a neutral arbiter at which the government bears the burden of proving flight risk or danger by clear and convincing evidence. This order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

3. The Clerk of Court be directed to serve Central Valley Annex Detention Facility with a copy of this order.

4. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 13, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE